J2WATKINS, Judge.
On February 18, 1993, Glenn Singletary was injured during the course and scope of his employment with Asplundh Tree Expert Company (Asplundh). He filed a claim for workers’ compensation benefits with the District 6 Office of Workers’ Compensation, and the case was tried. Judgment awarding benefits for temporary total disability was rendered in claimant’s favor on December 22, 1993.
Asplundh filed a suspensive appeal, and on March 3, 1995, this court affirmed, awarding an additional $1,000.00 in attorney fees. That judgment became final on April 3,1995.
Because the defendant did not respond to claimant’s demand for payment of temporary total disability benefits pursuant to the judgment, claimant filed in the District 6 Office a motion for statutory penalties and attorney fees and to accelerate payments. On June 9, 1995, defendant issued checks for some of the *72 amount due pursuant to the judgment of this court, which checks were received by claimant’s counsel two days before the hearing on the motion.
On June 14, 1995, a hearing on the claimant’s motions was held. On August 22,1995, the hearing officer rendered judgment pursuant to LSA-R.S. 23:1333 accelerating the payments of weekly benefits for temporary total disability due for 26 weeks after June 14, 1995, the date of the hearing on claimant’s motion to accelerate. The hearing officer also found the defendant to have been arbitrary and capricious and without probable cause in failing to pay the benefits when due; the hearing officer awarded claimant $2,000.00 in penalties and $3,500.00 in attorney fees.
Claimant perfected this appeal, urging that the hearing officer erred in her interpretation of LSA-R.S. 23:1333 and LSA-R.S. 23:1201(F).[3] He also challenges the hearing officer’s award of attorney fees and asks for an increase in attorney fees for this appeal.
ACCELERATED PAYMENT STATUTE The “accelerated payment statute” is LSA-R.S. 23:1333, which reads as follows:
|3If the employer against whom an award awarding compensation has been rendered becomes insolvent or fails to pay six successive installments as they become due, the installments not yet 'payable under the award shall immediately become due and exigible and the award shall become executory for the whole amount; but if the employee or his dependent is adequately protected by insurance and receives payment thereunder this right shall not accrue. [Emphasis supplied.]
At the hearing on his motion to accelerate, claimant urged that he was entitled to the lump sum payment of benefits calculated on his life expectancy, as there was no statutory limitation of “installments not yet payable under the award” applicable under the facts of his case. The hearing officer disagreed with claimant’s suggestion for the calculation of accelerated payments, but the hearing officer rendered judgment partially in favor of claimant. The hearing officer noted that claimant had been found temporarily and totally disabled but was seeking to accelerate payments by a method that would be equal to awarding him permanent total disability. Instead, the hearing officer accelerated payments of compensation benefits for 26 weeks, using the limitation of benefits provided in LSA-R.S. 23:1221(l)(d). The hearing officer’s reasoning is consistent with Duncan v. State, Department of Transportation and Development, 615 So.2d 305 (La.1993), wherein the Louisiana Supreme Court referred to the claimant’s recovery as being limited by the “maximum recovery period,” implying the statute under which the claimant was receiving benefits.
The applicable statute, LSA-R.S. 23:1221(l)9d) states:
An award of benefits based on temporary, total disability shall cease when the physical condition of the employee has resolved itself to the point that a reasonably reliable determination of the extent of disability of the employee may be made, and the employee’s physical condition has improved to the point that continued, regular treatment by a physician is not required, or six months after the injury, whichever first occurs. If the claimant contends that his disability is of a temporary nature, but extends beyond this six month period, he must submit a claim for extension of the period of temporary total disability under R.S. 23:1310.3.
Thus, the statute provides that temporary total disability benefits continue until one of two conditions is met, whichever first occurs. The first condition is that the employee’s physical condition has improved to the point that further regular treatment by a physician is no longer required. The second condition limiting an |4employee’s right to temporary total disability benefits is the time limit of six months after the injury.
On appeal, claimant claims there are “no statutorily imposed limits on the number of *73 weeks that temporary total disability benefits would be payable” in his ease. He argues that the hearing officer erred in placing the 26-week limit; that, instead, the accelerated payments should have been calculated on his life expectancy.[4] The crux of claimant’s argument is twofold: that defendant waived the limitation of the statute by not presenting evidence at the hearing on his motion to accelerate that his physical condition had improved to the point that he was no longer disabled; or that the six-month limitation of LSA-R.S. 23:1221(1)(d) is inapplicable to his ease because his hearing and subsequent award came long after the six-month period following the accident had expired.
Claimant’s argument is not convincing.
First, the defendant did not waive any statutory provision in its favor, either expressly or implicitly. The fact that defendant continued to pay temporary total disability benefits from February 18, 1993, through July 19, 1994, and from June 9,1995, until the present is immaterial to the issue of whether the six-month limitation of LSA-R.S. 23:1221(1)(d) is the appropriate limitation to be applied to the acceleration of payments to which claimant is entitled.
Second, the wording of LSA-R.S. 23:1221(1)(d) applies the limitations to an “award” of benefits, indicating some legal action. We note that in cases in which serious legal and factual issues have extenuated the proceedings, there will seldom be an award within six months of the injury. The instant case is a prime example of how a worker’s case can consume many months, even years, before an award is achieved. However, we do not think the fact that the six-month period expired prior to the award in the instant case prevents the use of the six-month period as the “maximum recovery period” in a procedure to accelerate payments.[5] See Duncan, supra.
| gThus, we do not agree with claimant that there are “no statutorily imposed limits on the number of weeks that temporary total disability benefits would be payable” in the instant case. Because there is a statutory limit, as the hearing officer found, there is no need to calculate the accelerated benefits on claimant’s life expectancy. Indeed, by applying the 26-week limitation to run from the date of the hearing on the motion to accelerate, the hearing officer was giving claimant the benefit of a liberal interpretation of LSA-R.S. 23:1221(1)(d). Arguably, the 26-week limitation could have begun on the date the “award” became final; however, this issue is not before us. We think the hearing officer correctly read the statutes, LSA-R.S. 23:1333 and LSA-R.S. 23:1221(l)(d), in pari materia and chose the 26-week limitation; the other limitation of the latter statute, proof of maximum recovery, lacks a date certain which can be used to calculate the “installments'not yet payable” for the purpose of acceleration.[6]
Consequently, there is no merit to appellant’s assignment of error challenging the acceleration of payments.
PENALTIES AND ATTORNEY FEES
In awarding penalties and attorney fees, the hearing officer interpreted LSA-R.S. 23:1201(G),[7] (formerly “F”), which provides for a penalty of 24 percent per day on *74 the unpaid amounts or $100 per day, whichever is greater; the statute caps the $100 per day penalty at $3,000. The claimant argues that he is entitled to $3,230.52 (at 24 percent per day) and that the hearing officer erred in awarding only $2,000.00. We agree.
The formula for calculating penalties is mandatory: the legislature used the word “shall” instead of the word “may” and provided that the greater amount shall be awarded. [ (¡Therefore, the hearing officer did not have the discretion to award a lesser amount. Furthermore, the $3,000 cap specifically applies to the $100 per day penalty, and the statute does not provide a cap for the 24 percent penalty.
Finally, despite claimant’s argument regarding attorney fees, we find no abuse of discretion in the hearing officer’s award, and we will affirm that portion of the judgment.
Accordingly, we affirm the judgment accelerating payments of 26 weeks of benefits, we amend the award of a penalty to increase it to $3,230.52, and we affirm the hearing officer’s award of attorney fees. Although we cast defendant for costs of this appeal, we recognize the minimal increase appellant has achieved and we deny any increase in attorney fees for appeal.
AMENDED, AND AS AMENDED, AFFIRMED.

. This statute was amended by La.Acts 1995, No. 1137, § 1, to redesignate "(F)" as "(G),” with no change in substance.

. A similar suggestion by a claimant urging that payments should be calculated on the year he reached 65 years of age, retirement age, was rejected by the court in Eglin v. United Gas Pipeline, 95-721 (La.App. 3d Cir. 1/24/96) 670 So.2d 250.

. We do not reach the issue of whether the expiration of the six-month period would bar its application in a situation in which accelerated payments were not at issue.

. A different result was reached in Eglin v. United Gas Pipeline, 95-721 (La.App. 3d Cir. 1/24/96) 670 So.2d 250, and Briscoe v. Jerry’s Furniture Mart, Inc., 96-139 (La.App. 3d Cir. 6/19/96) 676 So.2d 764, wherein the cases were remanded for hearings on when claimant's disability would end and he would be able to return to work. However, in neither of those cases had the hearing officer applied the 26-week limitation.

.Section G. provides:
If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and *74 in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers’ compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.