782 So.2d 1155 (2001)
Donna Jean SHELL
v.
WAL-MART STORES, INC.
No. 00-0997.
Court of Appeal of Louisiana, Third Circuit.
March 21, 2001.
*1156 John K. (Mike) Anderson, Leesville, LA, Counsel for Donna Jean Shell.
Eric J. Waltner, Allen & Gooch, Lafayette, LA, Counsel for Wal-Mart Stores, Inc.
Court composed of YELVERTON, THIBODEAUX, DECUIR, PETERS, and SULLIVAN, Judges.
*1157 DECUIR, Judge.
After a judgment awarding past due supplemental earnings benefits became final and remained unpaid for thirty days, plaintiff, Donna Shell, filed a petition for penalties and attorney fees. The Office of Workers' Compensation awarded Ms. Shell $2,500.00 in attorney fees and $3,000.00 in penalties pursuant to La.R.S. 23:1201(G) against her employer, Wal-Mart. Ms. Shell appeals and contends that the Office of Workers' Compensation misinterpreted La.R.S. 23:1201(G) by failing to award as a penalty twenty-four percent of the total judgment for each day the judgment remains unpaid. She also entreats us to increase her award of attorney fees. Wal-Mart also appeals, asking us to reverse the supplemental earnings benefits award of $85.00 per week because the Office of Workers' Compensation misinterpreted this Court's previous opinion and judgment in an unpublished opinion, Shell v. Wal-Mart Stores, Inc., 98-738 (La.App. 3 Cir. 12/9/98), 735 So.2d 132. Additionally, Wal-Mart claims the award of attorney fees was manifestly erroneous.

ISSUES
The issues presented for review are:
(1) whether the calculation of supplemental earnings benefits was correct;
(2) whether the workers' compensation judge properly applied La.R.S. 23:1201(G) when calculating the correct amount of penalties owed to Ms. Shell;
(3) whether the workers' compensation judge committed manifest error in awarding attorney fees to Ms. Shell; and,
(4) whether she is entitled to additional attorney fees for work done on appeal.

FACTS
On March 11, 1994, Donna Shell, an employee of Wal-Mart Stores, Inc., injured her back while lifting a microwave oven onto a shelf during the course and scope of her employment. Ms. Shell subsequently filed a claim for workers' compensation benefits, and a trial was held on April 1, 1997. Judgment was rendered in favor of Ms. Shell on August 20, 1997.
The workers' compensation judge held that Ms. Shell was entitled to back due supplemental earnings benefits (hereinafter "SEB"), medical benefits, modifications to her work environment, and medical treatment as recommended by Dr. Randall Lea, the independent medical examination doctor. Wal-Mart appealed the judgment to this Court which amended in part and affirmed, as amended, in an unpublished opinion. The judgment was amended so as to delete the requirement that Wal-Mart provide a place for Ms. Shell to lie down and rest while working. This Court also amended the SEB award, continuing it until Ms. Shell's wages equaled ninety percent of her pre-accident wages or until the maximum 520 week time limit, provided by statute, elapsed.
On December 23, 1998, the judgment of this Court became final. However, no payments were made by Wal-Mart on the judgment. The judgment should have been paid on or before January 22, 1999, thirty days subsequent to the date it became final. See La.R.S. 23:1201(G). Finally, on March 11, 1999, Wal-Mart paid $1,827.33, and thereafter began paying $11.33 to Ms. Shell as supplemental earnings benefits. Ms. Shell subsequently filed a petition for penalties and attorney fees for failure to pay the judgment in a timely fashion, and judgment in her favor was rendered on January 31, 2000. That judgment interpreted our Court's 1998 decision *1158 as awarding Ms. Shell SEB beginning the week of May 15, 1996, through the finality of the judgment of this Court on December 23, 1998, in the amount of $85.00 per week, subject to a credit for the amounts previously paid. The judgment also assessed penalties against Wal-Mart at the rate of $100.00 per day for the maximum amount allowable, $3,000.00, as a result of the delinquent payment of the judgment. Both parties have appealed.

LAW AND DISCUSSION

Standard of Review
Factual findings in a workers' compensation case are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551, 556. An appellate court questions whether there is a reasonable factual basis in the record for the finding of the trial court and whether the record further establishes that the finding is not manifestly erroneous. Mart v. Hill, 505 So.2d 1120 (La.1987). Thus, if there is no reasonable factual basis in the record for the trial court's finding, no additional inquiry is necessary. However, if a reasonable factual basis exists, an appellate court may set aside a trial court's factual findings only if, after reviewing the record in its entirety, it determines the trial court's finding was clearly wrong. Stobart v. State through Dep't of Transp. and Dev., 617 So.2d 880 (La.1993). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact finder's, an appellate court should not disturb reasonable evaluations of credibility and reasonable inferences of fact where conflict exists in the testimony. Where there are two permissible views of the evidence, the fact finder's choice cannot be manifestly erroneous or clearly wrong. Id. at 880; Morris v. Norco Constr. Co., 632 So.2d 332 (La.App. 1 Cir.1993), writ denied, 94-0591 (La.4/22/94), 637 So.2d 163.
The interpretation of a statute is a question of law, which is not governed by the manifest error standard. The appellate court's review of a legal issue hinges on whether the trial court's decision is legally correct or incorrect. Ducote v. City of Alexandria, 95-1269 (La.App. 3 Cir. 7/17/96); 677 So.2d 1118.

Supplemental Earnings Benefits
Wal-Mart argues that the workers' compensation judge erred in awarding Ms. Shell SEB in the amount of $85.00 per week because the evidence established Ms. Shell was able to perform part-time sedentary work. We disagree. The purpose of SEBs is to compensate the injured employee for the wage earning capacity he has lost as a result of his accident. Banks, 696 So.2d 551, 556. Under La.R.S. 23:1221(3)(a), an employee is entitled to receive SEB if he sustains a work-related injury that results in his inability to earn ninety percent or more of his average pre-injury wage. The injured employee bears the burden of proving, by a preponderance of the evidence, that the injury resulted in his inability to earn wages equal to ninety percent or more of the wages he earned at the time of injury. The determination is made by reference to the facts and circumstances of each individual case. Smith v. Louisiana Dep't of Corrections, 93-1305 (La.2/28/94); 633 So.2d 129.
If the employee meets his burden, the burden of production then shifts to the employer to prove by a preponderance of the evidence that the employee is physically able to perform a certain job and that the job was offered to the employee or was available to the employee in either the employee's or the employer's community or reasonable geographic region. Seal v. *1159 Gaylord Container Corp., 97-0688 (La.12/2/97), 704 So.2d 1161. The amount of SEB is based upon the difference between the claimant's pre-injury average monthly wage and the claimant's proven post-injury monthly earning capacity. La. R.S. 23:1221(3)(a).
This is the second time this Court has reviewed this case. In this review, we find that the workers' compensation judge correctly interpreted our previous opinion entitling Ms. Shell to SEB in the amount of $85.00 per week commencing on May 15, 1996, and continuing through December 23, 1998, which is the date this Court's judgment became final. This amount totals $11,475.00 plus interest. We clearly affirmed the workers' compensation judge's conclusion that Ms. Shell was entitled to back due supplemental earnings benefits for the full amount to which she was entitled, $85.00 per week, less any amount actually earned, from the date of termination and ongoing until modified employment was provided. In our opinion dated December 9, 1998, we unambiguously stated that the workers' compensation judge did not err in awarding Ms. Shell SEB. The only amendment made to the original judgment of the Office of Workers' Compensation was the duration of the benefits:
However, we do find that the workers' compensation judge erred in awarding these benefits only until Wal-Mart meets Dr. Lea's modifications and restrictions. Even if Wal-Mart meets those requirements, Ms. Shell will still earn less than ninety percent of her pre-accident wages. Accordingly, Ms. Shell is entitled to SEB until either her wages equal ninety percent of her pre-accident wages or the time limit for receiving such benefits has expired pursuant to La.R.S. 23:1221(d).
Shell, 98-738, p. 15. Thus, to be clear in this matter, Wal-Mart is obligated to continue to pay supplemental earnings benefits in the amount of $85.00 per week to Ms. Shell until Ms. Shell is earning ninety percent of her pre-accident wages or until the time for receiving SEB has elapsed under La.R.S. 23:1221. The conditions justifying termination or modification of the amount of SEB have yet to be litigated and determined.

Penalties Under La.R.S. 23:1201(G)
Louisiana Revised Statutes 23:1201(G) governs the payment of a final nonappealable judgment under Louisiana Workers' Compensation Law and provides as follows:
If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.
The workers' compensation judge held that the twenty-four percent provision of La.R.S. 23:1201(G) did not apply in this case because that amount would be less than $3,000.00, which is the statutory $100.00 per diem maximum. Ms. Shell appeals this determination and contends that she is entitled to a per diem amount *1160 of twenty-four percent of the $11,475.00 SEB award, plus interest, for every day the judgment goes unpaid by Wal-Mart.
Ms. Shell argues that the penalty awarded by the trial court was incorrectly calculated. She asks this court to increase the $3,000.00 penalty awarded below to well over one million dollars, which is 24% of $11,475.00, multiplied by the number of days that payment of the judgment was delinquent. We decline to contravene well established jurisprudence, and we reject the interpretation of the penalty statute advocated by Ms. Shell, finding her interpretation to be legally unsound and fallacious.
The alternative penalty provisions listed in La.R.S. 23:1201(G) allow the trial judge to award the greater of a twenty-four percent penalty or $100.00 per day for the late payment of a judgment. For the reasons which follow, we hold that a workers' compensation judge does not have the option to award a daily, or per diem, amount equal to twenty-four percent of the unpaid judgment.
The legislature amended the penalty provision in 1995. Although the penalty for late payment of a judgment was contained in subsection F of the statute in 1994, when Ms. Shell's accident took place, the provision was reenacted as subsection G in 1995 and the right to attorney fees was added. The judgment which gave rise to Ms. Shell's suit for penalties and attorney fees was issued in 1997; hence, the amended version of the statute, La.R.S. 23:1201(G), is applicable herein. See McCoy v. KMB Transport, Inc., 98-1018 (La.App. 1 Cir. 5/14/99), 734 So.2d 886, writ denied, 99-2295 (La.11/24/99), 750 So.2d 986, and Harrington v. Coastal Constr. & Eng'g, 96-681 (La.App. 3 Cir. 12/11/96), 685 So.2d 457, writ denied, 97-0109 (La.3/7/97), 689 So.2d 1375.
House Bill 1415, as originally filed, illustrates the changes made in 1995. The text which is struck out is that which the new law proposed to delete, and the text which is underlined is that which the new law proposed to add:
[F.] G. If any [compensation or medical benefit] award payable under the terms of a final, nonappealable judgment is not paid within 30 days after it becomes due, there shall be added to such [unpaid compensation] award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such [compensation] award, unless [the order is appealed as provided by law or unless] such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for worker's compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.
The change which created the ambiguity upon which Ms. Shell bases her argument that the statute allows for a penalty of twenty-four percent per day is the insertion of the phrase "together with reasonable attorney fees." The phrase was inserted before the comma which originally separated "one hundred dollars per day" from its modifying clause, "for each calendar day after thirty days it remains unpaid." The arbitrary placement of the attorney fee provision was both inartful and injudicious; the provisions of the statute are muddled together in an excessively long and convoluted sentence, creating a lack of clarity and precision. We find, *1161 however, that the amendment did not change the substance of the penalty provision as it read prior to 1995. Our review of the legislative history pertaining to the amendment reveals very little discussion; the amendment was captioned "to allow for attorney fees," and there is no mention of a substantive change in the potential amount of penalties that could be awarded pursuant to the amendment.
In State v. Anderson, 540 So.2d 974 (La.App. 2 Cir.), writ denied, 544 So.2d 398(La.), cert. denied, 493 U.S. 865, 110 S.Ct. 185, 107 L.Ed.2d 140 (1989), the court held that an inartistically placed comma does not require a statutory construction contrary to legislative intent and the plain meaning of the statute. "Punctuation cannot control a statute's construction against the manifest intent of the legislature, and the court will punctuate or disregard punctuation to ascertain and give effect to real intent." Id. at 977. Similarly, in McLaughlin v. French, 492 So.2d 254 (La.App. 3 Cir.1986), this court chose to disregard a typographical error in an ordinance and, instead, interpreted the law "in a manner that elucidates the statute's true meaning." 492 So.2d 254, 257.
Our holding is supported by the jurisprudence of this state which consistently holds that the twenty-four percent penalty is a flat rate. See Borne v. St. John the Baptist Parish Sch. Bd., 97-1062 (La.App. 5 Cir. 3/11/98), 712 So.2d 921, writ denied, 98-0807 (La.5/8/98), 719 So.2d 52; Davis v. City of New Orleans, 97-1626 (La.App. 4 Cir. 1/28/98), 706 So.2d 669. The twenty-four percent penalty has never been awarded as a per diem penalty. In Singletary v. Asplundh Tree Expert Co., 96-0072, p. 5 (La.App. 1 Cir. 9/27/96), 681 So.2d 70, writ denied, 96-2581 (La.12/13/96), 692 So.2d 374, the court awarded a penalty that it described as "24 percent per day." The case does not recite the amount of the judgment in dispute; the dates and the amounts mentioned in the opinion, however, indicate that the penalty may not have been calculated as a per diem award. In any event, we disagree with the language used in Singletary, finding it to be contrary to the clear intent of the penalty statute.
We find no error in the trial court's calculation of the statutory penalty assessed against Wal-Mart in this case. This conclusion is in accord with the jurisprudence of this state which has uniformly found that these penalty provisions must be strictly construed. Albe v. Albe, 97-1042 (La.App. 4 Cir. 11/19/97), 703 So.2d 756, writ denied, 97-3048 (La.2/13/98), 709 So.2d 752; Augustus v. St. Mary Parish Sch. Bd., 95-2498 (La.App. 1 Cir. 6/28/96), 676 So.2d 1144; Ball v. Dawsey Corp., 95-669 (La.App. 5 Cir. 11/28/95), 665 So.2d 566; Stevens v. Wal-Mart Stores, Inc., 27,977 (La.App. 2 Cir. 11/1/95), 663 So.2d 543; Ferrier v. Jordache-Ditto's, 94-1317, 94-1318 (La.App. 3 Cir. 5/17/95), 662 So.2d 14, writ denied, 95-2865 (La.2/2/96), 666 So.2d 1100. Moreover, it supports the clear intent of the legislature.

Attorney Fees
Our review of the record reveals no manifest error in the trial court's award of attorney fees pursuant to La.R.S. 23:1201(G), and we affirm the award of $2,500.00. Considering Ms. Shell's request for an increase of attorney fees for work done on appeal, we acknowledge that Ms. Shell successfully defended her right to compensation in the amount awarded by the trial judge. However, because she filed her own appeal on other issues, and was ultimately unsuccessful in that regard, Ms. Shell is not entitled to an increased award of attorney fees for work performed on appeal.

*1162 Decree
For the above and forgoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Wal-Mart.
AFFIRMED.
THIBODEAUX, J., concurs in part and dissents in part and assigns written reasons.
PETERS, J., concurs in part and dissents in part, and assigns written reasons.
THIBODEAUX, J., concurring in part and dissenting in part.
I disagree with the majority's interpretation of La.R.S. 23:1201(G) and with its refusal to award additional attorney fees to the claimant on appeal. On the latter issue, I dissent for the reasons expressed by Judge Peters.
The majority disregards well-established rules of statutory interpretation to reach a result which prevents it from awarding the claimant a penalty amount which is admittedly generous, yet provoked by the recalcitrant actions of Wal-Mart. The majority's emphasis on the amount of the penalty seemingly influences its analytical methodology. It declines to "contravene well-established jurisprudence," yet it fails to tell us what that "well-established jurisprudence" is. That is understandable. There is no "well-established jurisprudence."[1] However, there are well established and basic rules of statutory construction which govern our interpretation of La.R.S. 23:1201(G).
The majority couches its conclusion on the "inartful," "injudicious," and "arbitrary" placement of the attorney fee provisions and cites cases on inartful punctuation placement and typographical error. Yet, there are no punctuation or typographical errors which it can legitimately identify and intellectually defend.
Moreover, the unfortunate and intellectually tenuous interpretation of La.R.S. 23:2301(G) is justified by the assertion that this interpretation "supports the clear intent of the legislature." How the majority reaches this specious conclusion is puzzling, given its admission that its "review of the legislative history [of La.R.S. 23:1201(G) ] reveals very little discussion" and "the provisions of the statute are muddled together in an excessively long and convoluted sentence, creating a lack of clarity and precision."
The Louisiana Supreme Court explains that "statutory interpretation begins `as [it] must, with the language of the statute.'" State v. Ste. Marie, 98-1167, p. 2 (La.12/18/98), 723 So.2d 407, 408, quoting Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). It is a well settled rule of statutory interpretation that when interpreting a law, the court should give it the meaning the lawmaker intended. It is also presumed that every word, sentence or provision was intended to serve some useful purpose. Nunnally v. State, Department of Public Safety and Corrections, 95-356 (La.App. 3 Cir. 10/4/95), 663 So.2d 254. Moreover, that statute should be interpreted in light of strong public policy. Breaux v. Hoffpauir, 95-2933 (La.5/21/96), 674 So.2d 234. The strong public policy favors enforcement of fairness, particularly in a workers' compensation setting where the claimant is almost invariably a hourly wage employee who depends on his wages for support of his livelihood and family.
*1163 This statute is clear when it states if a nonappealable judgment is not paid within thirty days after it becomes due, there is going to be a penalty. La.R.S. 23:1201(G). The word "or" in the phrase "there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees," is a disjunctive conjunction. (Emphasis added). This disjunctive or means there is an alternative between the twenty-four percent and the one hundred dollars per day provisions in the statute. However, the comma after "reasonable attorney fees" indicates that the adjective phrase "for each calendar day" modifies the entire previous statement. Furthermore, there is an additional comma signaling the subordinate clause, "whichever is greater" used as a modifier, clearly delineating that "for each calendar day" applies to the phrase "twenty-four percent thereof or one hundred dollars ...." which comes before it. It is clear that "for each calendar day" is describing the alternative between twenty-four percent and the one hundred dollars per day provision. If the twenty-four percent were to apply only to the total judgment, there would be no reasons to add the additional subordinate clause "for each calendar day."
"When the literal construction of a statute produces absurd or unreasonable results, the letter must give way to the spirit of the law and that statute construed so as to produce a reasonable result." State v. Bennett, 610 So.2d 120, 122 (La.1992). The literal construction of this statute does not produce absurd or unreasonable results. Quite the contrary, it is an avenue to deter employers and insurers from the untimely payment of nonappealable judgments. The majority implies that, because the absolute dollar penalty exceeds one million dollars, the result is unreasonable. However, Wal-Mart, not the statute, is responsible for this amount. Would the majority's reasoning be different if the imposition of the penalty resulted in a lesser dollar amount? The majority conveniently shields Wal-Mart's malevolent conduct by a convoluted interpretation of this penal statute when Wal-Mart's conduct is the very thing the twenty-four percent per day was designed to deter.
Awards of penalties and attorney's fees in workers' compensation cases are essentially penal in nature, being imposed to discourage indifference and undesirable conduct by employers and insurers. Sharbono v. Steve Lang & Son Loggers, 97-0110 (La.7/1/97), 696 So.2d 1382. The penalties are used to nudge the employer into making timely payments when there is no reasonable basis for refusing or delaying its obligation. Weber v. State, 93-0062 (La.4/11/94), 635 So.2d 188. Although the Workers' Compensation Act is to be liberally construed in regard to benefits, penal statutes are to be strictly construed. International Harvester Credit v. I .T. Seale, 518 So.2d 1039, 1041 (La.1988). It is clear that § 23:1201 of the Louisiana Revised Statutes is penal in nature.
This particular penalty statute was designed to encourage employers and/or insurers to timely pay their obligations. Wal-Mart's behavior in this particular action is the exact behavior La.R.S. 23:1201(G) was designed to stop. Twenty-four percent per day of $11,475.00 is a remedy which encourages the timely payment of judgments. A mere penalty of $3,000.00 is not a deterrent for employers and was not a deterrent for Wal-Mart. The alternative $3,000.00 cap on the $100.00 a day provision in the statute is a remedy for situations which deal with nominal or negligible judgments.
*1164 As a general rule, "[t]he plain meaning of legislation should be conclusive, except in the `rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters' [in which case] the intention of the drafters, rather than strict interpretation controls." Ste. Marie, 723 So.2d 407, 409, quoting United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 243, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). The result reached in this judgment does not produce a result demonstrably at odds with the intentions of the drafters of the law but a real and effective means to prevent employers from further harming their employees. Workers' compensation statutes are remedial in nature in favor of the employee, not the employer.
Furthermore, the predecessor to La. R.S. 23:1201(G), formerly La.R .S. 23:1201(F), did not contain the one hundred dollar per diem penalty.
If any compensation payable under the terms of a final, nonappealable judgment is not paid within 30 days after it becomes due, there shall be added to such unpaid compensation an amount equal to twenty-four percent thereof, which shall be paid at the same time as, and in addition to, such compensation, unless the order is appealed as provided in R.S. 23:1351 or unless such nonpayment results from conditions over which the employer had no control.
La.R.S. 23:1201(F) prior to 1995 revision. As previously written, the statute only provided for a twenty-four percent lump sum penalty for failure to pay a nonappealable judgment. As it is written today, it contemplates a twenty-four percent per day penalty for each day after thirty days a nonappealable judgment goes unpaid. If the legislature would have intended for the twenty-four percent lump sum to have remained in effect, they certainly would not have constructed the statute in a way that contemplates a twenty-four percent per day penalty.
The First Circuit has observed that:
In awarding penalties and attorney fees, the hearing officer interpreted La.R.S. 23:1201(G), (formerly "F"), which provides for a penalty of twenty-four percent per day on the unpaid amounts or $100.00 per day, whichever is greater; the statute caps the $100.00 per day penalty at $3,000.00. The claimant argues that he is entitled to $3,230.52 (at twenty-four percent per day) and that the hearing officer erred in awarding only $2,000.00. We agree.
Singletary v. Asplundh Tree Expert Company, 96-0072, p. 5, (La.App. 1 Cir.), 681 So.2d 70, 73, writ denied, 96-2581 (La.12/13/96), 692 So.2d 374. The First Circuit got it right; the Third Circuit has it wrong.
For the foregoing reasons, I respectfully dissent.
PETERS, J., concurring in part and dissenting in part.
I join the majority in concluding that, although it is an example of less-than-articulate legislation, La.R.S. 23:1201(G) provides for a single twenty-four-percent penalty. However, I do not agree that Ms. Shell should be denied attorney fees for work performed in this appeal.
Ms. Shell appealed and specifically requested that "[t]he attorney's fees granted in this case should be increased to cover the costs of the appellate procedures taking place herein." (Emphasis added). The majority correctly notes that she "successfully defended her right to compensation *1165 in the amount awarded by the trial judge" but rejects her demand because she was not successful in her original appeal. I find this rejection to be in error as it gives no recognition to the fact that Wal-Mart unsuccessfully sought review of the penalty and attorney fee judgment rendered against it.
Had Wal-Mart been the initial appellant and had Ms. Shell answered that appeal or filed her own subsequent appeal seeking only attorney fees for the appeal process, we would have rejected Wal-Mart's appeal, affirmed the workers' compensation judge in all respects, and awarded her additional attorney fees for the work performed on appeal. The opposite result would have been reached had Wal-Mart not answered Ms. Shell's appeal. The decision would have been to affirm the judgment, and there would have been no basis for an award of attorney fees on appeal.
I agree that Ms. Shell is not entitled to an attorney fee award for the work performed in bring her appeal, but she is entitled to such an award for the work performed in defending her judgment against Wal-Mart's answer to the appeal. In my opinion, she should not be required to answer Wal-Mart's answer to effect such a claim as to do so would simply put form over substance. Her original assignment of error was more than sufficient to preserve this issue on appeal, particularly since the answer to her appeal was filed before her brief raising this assignment of error.
Keeping in mind the requirement of La. Code Civ.P. art. 2164, we must "render any judgment which is just, legal, and proper upon the record on appeal." That being the case, I would award Ms. Shell an additional $2,000.00 as attorney fees for work performed on appeal in defending the issues raised by Wal-Mart's answer to this appeal.
NOTES
[1] Parenthetically, it is axiomatic that under our civilian methodology, jurisprudence is secondary; our analysis must first begin with the Code or the statute itself.