# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 13-877 consolidated with 13-878, 13-879

## STATE IN THE INTEREST OF S.S. (MALE) & S. S. (FEMALE)[1]

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 22570 C/W NO. 24760 AND NO. 25015
HONORABLE ROBERT LANE WYATT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN E. CONERY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and John E. Conery, Judges.

**REVERSED AND RENDERED.**

**Nicholas Pizzolatto, Jr.**
**Department of Social Services**
**Office of Community Services**
**2771 Paul White Road**
**Lake Charles, Louisiana 70611**
**(337) 475-3037**
**COUNSEL FOR APPELLANT:**
        **State of Louisiana, Department of Children & Family Services**

---

[1] In the interests of privacy, we have used the initials of the parties involved in this matter. *See* Uniform Rules–Courts of Appeal, Rules 5–1 and 5–2.

**Stephen A. Berniard, Jr.**
**Raggio, Cappel, Chozen, etc.**
**Post Office Box 820**
**Lake Charles, Louisiana 70601**
**(337) 436-9481**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana, Office of Community Services**

 **Ronald Augustin Rossitto**
 **District Attorney**
 **14th Judicial District Court**
 **Post Office Box 3206**
 **Lake Charles, Louisiana 70602**
 **(337) 437-3400**
 **COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Jack Wright, Jr.**
**Attorney at Law**
**1401 Hudson Lane**
**Monroe, Louisiana 71201**
**(318) 387-0993**
**COUNSEL FOR APPELLEE:**
     **L. S. (mother)**

**Richard L. Fewell  Jr.**
**Law Office of Richard Fewell**
**1315 Cypress Street**
**West Monroe, Louisiana 71291**
**(318) 388-3320**
**COUNSEL FOR APPELLEE:**
     **L. S. (mother)**

**Stephanie Landry Cochran**
**Attorney at Law**
**1417 Gadwall Street**
**Lake Charles, Louisiana 70616**
**(337) 491-2111**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Robert Michael McHale  Jr.**
**Attorney at Law**
**631 Kirby Street**
**Lake Charles, Louisiana 70601**
**(337) 990-0093**
**COUNSEL FOR APPELLEE:**
     **R. S., Jr. (father)**

**Richard Scandrett**
**Children's Advocacy Program**
**1 Lakeshore Drive, Suite 1585**
**Lake Charles, Louisiana 70601**
**COUNSEL FOR APPELLEE:**
  **S. S. (child)**
  **S. S. (child)**

**CONERY, Judge.**

The State of Louisiana Department of Children & Family Services ("DCFS"), appeals the imposition of an expert witness fee ordered by the trial court for the services of a psychologist who testified on behalf of R.S., Jr., the father of the minors S.S. (male) and S.S (female). DCFS filed a motion and order to vacate the December 5, 2012 order directing DCFS to pay the psychologist's witness fee, which was denied by the trial court. DCFS seeks reversal of the trial court's order on the basis that it is without authority to order DCFS, a State agency, to pay court costs. DCFS filed a motion and order to vacate the judgment. The order vacating judgment was denied without a hearing by the trial court on December 13, 2012.[2] DCFS timely appealed. For the following reasons we reverse and render.

## FACTS AND PROCEDUAL HISTORY

This matter involving S.S. (male) and S.S. (female) has a long and complicated history, which includes child in need of care (CINC) petitions filed on three separate occasions. The parents of the minors are L.S., the mother, and R.S., Jr., the father. The three CINC petitions are listed below as follows:

(1) Docket Number 22570-JUV, filed on July 14, 2009 and assigned to Judge Ronald. F. Ware.

(2) Docket Number 24760-JUV, filed on April 10, 2010 and assigned to Judge Robert L. Wyatt.

---

[2] None of the Appellees filed a response.

(3) Docket Number 25015-JUV, filed on August 14, 2012, and also assigned to Judge Robert L. Wyatt.[3]

On April 5, 2012, Judge Guy Bradberry issued an oral Instanter Order and then signed a written order on April 9, 2012, placing the two minor children in the custody of the State of Louisiana based on allegations of neglect and sexual abuse by the father, R.S., Jr. On April 12, 2012, a CINC petition resulting from the Instanter Order was lodged in docket number 24760-JUV.

On July 19, 2012, there were two hearings set on Judge Wyatt's docket involving the minor children. The first was an adjudication hearing, held in the morning, involving the continuing custody of the two minors in the care of the State of Louisiana under docket number 24760-JUV based on the petition filed on April 12, 2012 by DCFS. Mr. Stephen Berniard, Jr., representing DCFS, requested that the CINC petition filed on April 12, 2012, in docket number 24760-JUV be dismissed with prejudice. There being no objection, the trial court ordered the dismissal with prejudice of docket number 24760-JUV. Once the trial court granted DCFS's dismissal of docket number 24760-JUV, the custody of the minor children reverted from DCFS to L.S., the mother.

The second hearing, on the afternoon of July 19, 2012, was based on a motion filed on behalf of R.S., Jr., the father, seeking to "Rescind Stay Away Order And Reinstate Visitation," lodged in docket number 22570-JUV, which was the first CINC petition originally filed by DCFS on July 14, 2009. On December

---

[3] Although the three petitions were not formally consolidated at the trial court level, or the appeal level, counsel for DCFS indicated in briefing to this court that "the fact that all of the parties were exactly the same and the issues the same, resulted in them being consolidated by confusion."

So, "in an abundance of caution," DCFS requested the three cases be consolidated on appeal. However, only docket numbers 22570-JUV and 24760-JUV are before this court, as no order involving court costs was issued in 25015-JUV, and that case should not have been part of the consolidation for appeal.

16, 2009, Judge Ware had previously released DCFS from any further involvement in docket number 22570-JUV, when custody was granted to L.S, the mother and R.S., Jr.'s visitation rights were terminated based on earlier child sexual abuse allegations against R.S., Jr. in 2009.

The hearing on July 19, 2012, in docket number 22570-SUV, proceeded before the trial court. DCFS's attorney, Mr. Berniard, as well as counsel for R.S., Jr. and L.S., participated in the hearing. Dr. Jerry Whiteman was subpoenaed by counsel for R.S., Jr., and was qualified as an expert in the field of psychology. He testified on behalf of R.S., Jr. As of March 17, 2005, Dr. Whiteman was R.S., Jr.'s treating psychologist. In a prior proceeding in 2011, Dr. Whiteman had been ordered by Judge Wyatt to conduct an updated psychological evaluation of R.S., Jr. and had rendered his updated report to the trial court on August 12, 2011. The mother of R.S., Jr. was also a patient of Dr. Whiteman's as demonstrated by Dr. Whiteman's letter dated June 23, 2010. Dr. Whiteman rendered his expert opinion, over the objection of counsel for L.S. and Mr. Berniard.

At the end of the hearing, the trial court was inclined to establish some visitation between R.S., Jr. and his minor children, unless "something was presented to the Court that suggested otherwise." This statement was in reference to the possible additional allegations of sexual improprieties involving the minor children and R.S., Jr. As previously indicated, allegations of this nature resulted in R.S., Jr.'s loss of his visitation privileges in prior proceedings before Judge Ware in 2009.

The July 19, 2012 hearing was recessed and continued until August 7, 2012. The trial court issued an interim order allowing R.S., Jr. to have supervised visitation at Well Springs, in Monroe, Louisiana. L.S. objected to the supervised

3

visitation and DCFS joined in that objection, but the trial court overruled their objections and ordered supervised visitation. Further, the supervised visitation allowed more time for any further allegations against R.S., Jr., should any arise, to be brought to the court's attention.

Mr. Berniard was present representing DCFS at the August 7, 2012 hearing. Mr. Berniard continued to lodge an objection to the supervised visitation, and on his motion, the trial court ordered in the interim that R.S., Jr.'s visits with the minor children be monitored and notes made by an observer. During both the July 19, 2012 and August 7, 2012 hearings, L.S. had custody of the two minor children, not DCFS. Technically speaking, DCFS was no longer a party.

At the November 27, 2012 hearing, involving R.S., Jr.'s request to reinstate visitation in docket number 22570-JUV, the case was mistakenly captioned under the previously dismissed docket number 24760-JUV. The trial court granted R.S., Jr.'s motion to have his visitation rights restored. Mr. Berniard was present at the hearing on behalf of DCFS, as was Mr. Tom Sanders, Jr., who is also listed as counsel for DCFS. There was a previous civil divorce and custody suit between L.S. and R.S., Jr. in the Fourth Judicial District Court, Parish of Ouachita, docket number 08-3874. The "Joint Custody Plan" filed in that case on November 13, 2008, set forth the visitation rights for R.S., Jr. with his minor children. Judge Wyatt restored R.S., Jr.'s full visitation rights at the November 27, 2012 hearing and, in effect, adopted the "Joint Custody Plan" in that case. No appeal was taken by anyone from this ruling, and the issue of custody and visitation is not properly before this Court.

The issue of the payment of the court costs associated with Dr. Whiteman's expert testimony in the July 19, 2012 hearing was discussed on the record with the

4

trial court at the November 27, 2012 hearing, and resulted in the assessment of Dr.

Whiteman's $750 expert fee to DCFS. The following colloquy between the trial

court, Mr. McHale, counsel for R.S., Jr., and Mr. Berniard ensued:

> **MR. MCHALE:**
> Your honor, one other matter that Dr. Whiteman asked me to address for the Court.
> Previously, we didn't subpoena him, but the Court wanted him here to testify. And I don't think the Court has ever ordered anything regarding his fees.
>
> **THE COURT:**
> That fee is $750 to be paid by the agency.
>
> **MR. MCHALE:**
> Yes, sir. Thank you, Your Honor.
>
> **THE COURT:**
> That was in the last hearing – he appeared when y'all refused to --
>
> **MR. BERNIARD:**
> We didn't call Dr. Whiteman, did we?
>
> **THE COURT:**
> Y'all were the ones disputing the change of custody. Agency will take care of it.

The discussion with the trial court does not end there. Mr. Sanders, counsel

for DCFS, also attempted to clarify the procedural posture of the cases at the

November 27, 2012 hearing and the following colloquy takes place on the record:

> **MR. SANDERS:**
> Your Honor, with respect with the – I know I'm not at the microphone. Can we find out who issued the subpoena to appear?
>
> **THE COURT:**
> Mr. McHale issued the subpoena.
>
> **MR. SANDERS:**
> Shouldn't he bear the expense of having Dr. Whiteman?
>
> **THE COURT:**
> No. Y'all were the ones that were contesting it.

**MR. SANDERS:**
We dismissed the case, Your Honor.

**THE COURT:**
No, no. I'm talking about the other case. I'm not talking about the new case. I talked [sic] about the other case.

**MR. SANDERS:**
All right.

**THE COURT:**
You're the ones who contested the return of custody. You wanted to argue. Good, you pay for it.

**MR. BERNIARD:**
We didn't contest the return to custody, Judge. The mother already had custody.

**THE COURT:**
We didn't have a hearing?

**MR. BERNIARD:**
No. There was an allegation, though, that they had been abused. That's what we were involved with.

**THE COURT:**
Right.

**MR. MCHALE:**
We had—

**THE COURT:**
I have issued my ruling. What don't you understand?

On November 29, 2012, the trial court signed its written judgment memorializing its judgment reinstating R.S., Jr.'s visitation rights rendered in open court on November 27, 2012. However, the trial court made no mention in the written judgment of the assessment of the expert fee of Dr. Whiteman against DCFS. On December 5, 2012, the trial court issued an order, again erroneously filed in previously dismissed docket number 24760-JUV, requiring DCFS to pay an expert witness fee of $750 to Dr. Jerry Whiteman for his July 19, 2012 appearance in court.

On December 13, 2012, DCFS filed its "MOTION AND ORDER TO VACATE THE ORDER RENDERED IN OPEN COURT ON NOVEMBER 27, 2012," in docket number 24760-JUV. The motion requested the trial court rescind its oral order regarding the expert witness fee on November 27, 2012,  as well as the written judgment dated December 5, 2012, and requested that the court set a contradictory hearing to decide the issue.   DCFS's motion was denied ex parte without a hearing by the trial court on December 13, 2012.  It is from this denial that DCFS appeals, arguing that all cases, save and except for the civil suit in Ouachita Parish, have now been consolidated by confusion. [4]

## ASSIGNMENT OF ERROR

DCFS maintains, "*[t]he trial court committed manifest error when it ordered the Appellant, Louisiana Department of Children & Family Services to pay the $750.00 fee of Dr. Jerry Whiteman for his testimony on July 19, 2012.*"

## LAW AND DISCUSSION

Statutory interpretations are a question of law. *Shell v. Wal-Mart Stores, Inc.,* 00-997 (La.App. 3 Cir. 3/21/01), 782 So.2d 1155, *writ denied*, 01-1149 (La. 6/15/01), 793 So.2d 1244.  Although a reviewing court defers to a trial court's reasonable decision on a question or matter properly within the trial court's discretion, if the trial court's decision is based on an erroneous interpretation or application of the law, such an incorrect decision is not entitled to deference. *Kem Search, Inc. v. Sheffield,* 434 So.2d 1067 (La.1983).

---

[4] Although DCFS appealed docket number 25015-JUV "in an abundance of caution," as previously stated, no order involving court costs was issued in 25015-JUV and that case should not have been part of the consolidated cases on appeal.

DCFS argues that La.Ch.Code art. 405(A) applies and that the assessment by the trial court of the $750 witness fee to Dr. Whiteman should be reversed. The Article states:

> *Except as otherwise provided by law*, no court or witness fees shall be allowed against any party to a petition, and no salaried officer of the state or of any parish or municipality therein shall be entitled to receive any fee for the service or for attendance in court in any such proceedings. All other persons acting under orders of the court may be paid in the same manner as in the district court for services or service of process and attendance or serving as witnesses, the fees provided by law for like services in cases before the district court. (Emphasis added.)

DCFS further argues that La.R.S. 13:4521(A)(1) also applies to this case, as that statute does not allow the imposition of court costs, including expert witness fees, against the State and its subdivisions, which would include DCFS. Louisiana Revised Statutes 13:4521(A)(1) states in pertinent part:

> *Except as provided in R.S. 13:5112*, R.S. 19:15 and 116, and R.S. 48:451.3, and as hereinafter provided, neither the state, nor any parish, municipality, nor other political subdivision, public board, or commission, nor any officer or employee of any such governmental entity when acting within the scope and authority of such employment or when discharging his official duties shall be required to pay court costs in any judicial proceeding instituted or prosecuted by or against the state, or any such parish, municipality, or other political subdivision, board, or commission, in any court of this state or any municipality of this state[.] (Emphasis added.)

However, La.R.S. 13:5112(A), provides an exception to La.R.S. 13:4521(A)(1) and states in pertinent part:

> In any suit against the state or any department, board, commission, agency, or political subdivision thereof, the trial or appellate court, after taking into account any equitable considerations as it would under Article 1920 or Article 2164 of the Code of Civil Procedure, as applicable, may grant in favor of the successful party and against the state, department, board, commission, agency, or

8

political subdivision against which judgment is rendered, an award of such successful party's court costs under R.S. 13:4533 and other applicable law as the court deems proper but, if awarded, shall express such costs in a dollar amount in a judgment of the trial court or decree of the appellate court.

In *C.R.W. v. State, Dep't of Social Services*, 05-1044 (La.App. 1 Cir. 9/1/06), 943 So.2d 471, *writ denied*, 2006-2386 (La. 12/21/06), 944 So.2d 1289, the court applied the exception in La.R.S. 13:5112(A) and affirmed the trial court's award of costs against the Office of Community Services, State of Louisiana ("OCS"). The trial court found the unique circumstances of that case, which included a finding of gross negligence in the handling of the investigation by the OCS worker, warranted the award of equitable costs against the State.

The record in this case reflects that DCFS had been formally dismissed from docket number 22570-JUV at the time of the hearing on July 19, 2012. However Mr. Berniard participated in the hearing on behalf of DCFS and questioned Dr. Whiteman, attempting to elicit testimony to support the status quo, with custody of the two minor children remaining with the mother and no visitation by the father. DCFS opposed R.S., Jr.'s request for reinstatement of his visitation rights and were still involved in the case due to the recent allegations of sexual improprieties by R.S., Jr., as alleged in the CINC petition filed by DCFS on April 12, 2012, in docket number 24760-JUV. As previously discussed, docket number 24760-JUV, was dismissed with prejudice on the motion of DCFS, in a separate hearing before Judge Wyatt, also held on July 19, 2012.

DCFS is correct that Dr. Whiteman was called as a witness by R.S., Jr. and was subpoenaed by R.S., Jr.'s counsel, Mr. McHale, albeit at the request of the trial court. However, the record reflects that Mr. Berniard, on behalf of DCFS, attended

9

and participated in all three hearings held on July 19, 2012, August 7, 2012, and November 27, 2012. Mr. Tom Sanders, Jr. is also listed as counsel for DCFS at the November 27, 2012 hearing.[5]

In *C.R.W.,* our supreme court affirmed the appellate court's award of court costs against the State based on the particular facts and circumstances of that case involving gross negligence of an OCS worker. We find that La.Ch.Code art. 405(A) and La.R.S. 13:4521(A)(1) are applicable, and the exception under La.R.S. 13: 5112(A) is not applicable in this case. The actions of DCFS in participating in a case from which they were previously dismissed in order to maintain the status quo of custody with the mother, L.S., and to contest the reinstatement of visitation rights to the father, R.S., Jr., does not meet the bad faith standard discussed in *C.R.W.*

This court does not find that DCFS was in bad faith in contesting the reinstatement of visitation by the father, R.S., Jr., especially in light of the serious nature of the child sex abuse allegations lodged against him. There is no "equitable basis" to apportion expert witness fess to DCFS in this case. Therefore, the costs of the expert witness fee in the amount of $750 may not be assessed against DCFS, a State entity. Dr. Whiteman was subpoenaed by Mr. McHale, counsel for R.S., Jr. Since he was the party requesting that his visitation be reinstated and he had the burden of proof, R.S., Jr. will be cast for the expert fee of Dr. Whiteman.

---

[5] The representation of DCFS by Mr. Berniard is referenced in the trial court's minutes for the hearings held on July 19, 2012, August 7, 2012, and November 27, 2012.

## DISPOSITION

We find the trial court committed legal error by ordering the State of Louisiana Department of Children & Family Services to pay the court costs in the amount of $750 to Dr. Jerry Whiteman for his expert witness fee for his appearance in court on July 19, 2012. We reverse and render ordering that the expert fee in the amount of $750 is to be paid by R.S., Jr. All costs of this appeal are assessed to R.S., Jr. We hereby dismiss the appeal of docket number 13-879, trial court docket number 25015-JUV.

**REVERSED AND RENDERED.**