laSCHOTT, Chief Judge.
Appellee, Joan Davis, filed a post judgment motion for penalties and attorney fees because, the City of New Orleans failed to pay the balance due on an outstanding medical bill within thirty days after her worker’s compensation judgment against the City became final. The court granted her motion and awarded attorney fees in the amount of $600.00 and penalties in the amount of $1,500.00. The City has appealed and appel-lee has answered the appeal seeking an increase in the attorney fees and penalties.
Appellee was a meter maid for the City of New Orleans. She developed bunions which were considered an occupational disease. Surgery was performed by Dr. Ferguson. She filed a worker’s compensation claim and obtained a judgment for compensation, medical benefits, and attorney fees. The pertinent part of the underlying judgment reads as follows:
4. Claimant is entitled to have all medical bills and expenses at issue herein paid by defendant;
That judgment was affirmed by this court in Davis v. The City of New Orleans, 95-C-1641, unpub. 2/29/96.
When the judgment of this Court became final, counsel for appellee on, April 16, 1996, sent a letter to the City confirming that the amount in satisfaction of the judgment would be $10,191.04. Additionally, counsel stated:
13“As to the medical expenses of' Dr. Ferguson, I would ask that you please make sure that any outstanding bills that he may be due are paid. It is my understanding that some part of his bill may have been paid by the group carrier and all I ask is that you confirm with me that all of his bills have been paid.”
The City took no action to pay the bill. A bill issued by Ferguson’s office dated November 26, 1996, still showed an outstanding balance of $613.72. On December 2, 1996, appellee filed a motion to enforce judgment and for penalties and attorney fees. Ferguson’s bill was finally paid by the City on December 10,1996.
At the hearing on the motion, counsel for the City acknowledged to the court that it had been alerted to the outstanding balance due Ferguson but he argued that failure to pay was an oversight for which the City should not be penalized. The City’s argument that the bill had not been submitted at *671 trial is without merit because the underlying judgment ordered the City to pay all medical bills and expenses at issue. The City did not argue that the unpaid bill was not at issue in the original trial.
Based upon evidence and argument at the hearing, the court ordered an award of penalties for failure to pay the medical bill within thirty days of final judgment pursuant to LSA-R.S.23:1201(G). This provides that if judgment is not paid within thirty days after it becomes due, the court shall add to such award an amount equal to 24% thereof or $100 dollars per day for each calendar day it remains unpaid, whichever is greater, unless such nonpayment results from ■ conditions over which the employer had no control. The $100 dollars per day penalty shall not exceed $3,000.00. The statute also authorizes the imposition of reasonable attorney fees.
The only question on appeal is whether the City established that its nonpayment of Ferguson’s bill resulted from conditions over which it had no |4control. The City argues that Ferguson’s bill was not specifically mentioned in the judgments of this Court or the trial court, the amount and status of the bill were not known, and were not included in the April 16,1996, letter from appellee’s counsel, and the bill was paid upon presentation in December 1996.
The judgment of this Court specifically mentioned the services performed by Dr. Ferguson including surgery on appellee. The April 16 letter from appellee’s attorney specifically referred to Dr. Ferguson’s bill and asked the City’s Attorney to be sure it was paid in full. The City did nothing until after appellee filed her motion to enforce her judgment. All the City had to do was to follow up on the letter from appellee’s attorney and pay the bill within thirty days of April 16,1996. The nonpayment was strictly a matter over which the City had control. It simply failed to discharge the responsibility imposed upon it by the judgment. Consequently, the City’s position in this appeal is without merit.
Appellee answered this appeal seeking an increase in penalties from $1,500 to $3,000 under R.S. 23:1201(G). That statute provides for a penalty in this ease of $3,000. The trial judge set the award at $1,500.00 because she thought that $3,000.00 was excessive. However, the statute does not permit the court’s discretion in the matter. It requires the award of $3,000.00. Thus, the award of penalties must be increased to $3,000.00.
Finally, claimant is seeking an award of attorney’s fees for the processing of this appeal. In the previous appeal this Court increased appellee’s attorney fees by $500 for the additional work done in the court of appeal. In the present appeal we have concluded that a like amount would be appropriate for an increase.
I Accordingly, the judgment of the court is affirmed but is amended to increase the penalty award to $3,000.00 and the attorney fees to $1,100.00.

AMENDED AND AFFIRMED.