858 So.2d 412 (2003)
Gwendolyn CHELETTE
v.
RIVERWOOD INTERNATIONAL USA, INC.
No. 2003-C-1483.
Supreme Court of Louisiana.
October 17, 2003.
*413 PER CURIAM.
We granted certiorari in part to address one issue raised by the defendant, Riverwood International USA, Inc., in this workers' compensation case: whether the court of appeal erred in affirming an award of a penalty pursuant to LSA-R.S. 1201(F) when the employer had merely reduced supplemental earnings benefits (SEB) as contrasted with failing to make timely payment of benefits. In all other respects, the writ is denied.
The holding in Williams v. Rush Masonry, Inc., 98-2271 (La.6/29/99), 737 So.2d 41, 45, clarified the differences between LSA-R.S. 23:1201 and LSA-R.S. 23:1201.2. In instances where the employer fails to commence payment of benefits, penalties and attorney fees are authorized under LSA-R.S. 23:1201(F), unless the claim is reasonably controverted. However, when the case involves discontinuation of benefits rather than failure to provide benefits, LSA-R.S. 23:1201.2, not LSA-R.S. 23:1201(F), applies. Id.; see also, J.E. Merit Constructors, Inc. v. Hickman, XXXX-XXXX, p. 5 n. 6 (La.1/17/01), 776 So.2d 435, 437 n. 6. The sanction of penalties and attorney fees imposed by LSA-R.S. 23:1201 is not directed at the vocational rehabilitation obligation of LSA-R.S. 23:1226.'[1]See Fontenot v. Reddell Vidrine Water District, 02-0439, p. 2, dissent, (La. 1/14/03), 836 So.2d 14, 29.
We limit our grant of this writ to correction of the penalty issue and do not reach the other issue.
Accordingly, we reverse the award of a penalty made in favor of claimant Gwendolyn Chelette, to conform with the law.
WRIT GRANTED IN PART TO REVERSE AWARD OF PENALTY; OTHERWISE DENIED.
JOHNSON, J., would deny the writ.
NOTES
[1] R.S. 23:1226(A) provides that when an employee has suffered a compensable injury which precludes him from earning wages "equal to wages earned" before this injury, he is entitled to "prompt rehabilitation services."