STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 04-1407


JASON HALKER

VERSUS

AMERICAN SHEET METAL


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 01-04520
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**********

**JOHN D. SAUNDERS
JUDGE**

**********

Court composed of John D. Saunders, Oswald A. Decuir, and James T. Genovese, Judges.

**AFFIRMED.**


**H. Douglas Hunter**
**Guglielmo, Lopez, et al.**
**P. O. Drawer 1329**
**Opelousas, LA 70571-1329**
**(337) 948-8201**
**Counsel for Defendant/Appellant:**
**American Sheet Metal**

**Marcus Miller Zimmerman**
**Attorney at Law**
**4216 Lake Street**
**Lake Charles, LA 70605**
**(337) 474-1644**
**Counsel for Plaintiff/Appellee:**
**Jason Halker**

**SAUNDERS, J.**

American Sheet Metal appeals the Workers' Compensation judge's decision that defendants violated La.R.S. 23:1201(G). As a result of the violation and in accordance with the statute, the judge imposed penalties and attorney fees. We affirm that decision and grant the appellee an additional $1,500.00 in attorney fees for work done on this appeal.

**FACTS**

On January 22, 2003, the Office of Workers' Compensation judge determined that LUBA (American Sheet Metal's compensation self-insurer's fund) was responsible for medical and indemnity benefits owed to Jason Halker, the appellee. LUBA appealed the decision to the Louisiana Third Circuit Court of Appeal and on December 10, 2003, the Third Circuit upheld the Workers' Compensation judge's decision. On January 30, 2004, LUBA tendered a check for $16,488.24 to appellee. The appellee requested a breakdown of that amount and it was received on February 12, 2004. The breakdown provided $13,747.57 for indemnity, and $2,740.67 for interest on the indemnity amount. On March 16, 2004, appellant tendered a check for $1,446.10 for out of pocket medical expenses incurred by Jason Halker. On April 27, 2004, appellee sent a letter to appellant concerning the remaining outstanding balance, and the final indemnity amount, $2,538.42, was paid on May 17, 2004. Also, on May 17, 2004, appellant paid the remaining $621.92 for medical expenses which brought the medical total to $2,068.02. As of May 17, 2004, all outstanding amounts were paid in full.

On March 8, 2004, appellee filed a Rule to Show Cause why Jason Halker should not be granted enforcement of the December 10, 2003 judgment. Appellee

also requested penalties and attorney fees pursuant to La.R.S. 23:1201(G). On May 24, 2004, the Office of Workers' Compensation heard the appellee's argument that the appellant had not timely complied with the Third Circuit's judgment. The Workers' Compensation judge determined that the appellant paid the indemnity untimely and in violation of La.R.S. 23:1201(G). The Workers' Compensation judge awarded appellee $3,000.00 in penalties and $3,000.00 in attorney fees. Appellant filed a suspensive appeal on July 6, 2004.

**ASSIGNMENT OF ERRORS**

1. Appellant contends that the Workers' Compensation judge committed manifest error in awarding Jason Halker penalties and attorney fees regarding the payment of disability benefits pursuant to a judgment.

2. Appellee contends that he is entitled to an increase in the award of attorney fees for work done on this appeal.

**LAW & ANALYSIS**

Findings of the trial court are reviewable on appeal, and the appellate standard of review has been clearly established. A trial judge's findings of fact will not be disturbed unless they are manifestly erroneous or clearly wrong. *Stobart v. State, through Dep't of Transp. & Dev.,* 617 So.2d 880 (La.1993). "Absent 'manifest error' or unless it is 'clearly wrong,' the jury or trial court's findings of fact may not be disturbed on appeal." *Sistler v. Liberty Mut. Ins. Co.,* 558 So.2d 1106, 1111 (La.1990). "If the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* at 1112.

2

**ASSIGNMENT OF ERROR NUMBER ONE**

Appellant argues that the Workers' Compensation judge erred by imposing penalties and attorney fees pursuant to La.R.S. 23:1201(G). Appellee argues that the imposition of penalties and attorney fees was proper as the defendant violated the statute.

Louisiana Revised Statutes 23:1201(G) provides the proper sanctions when an employer fails to timely pay a judgment and states that:

> G.    If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.

On December 10, 2003, the Third Circuit upheld the Workers' Compensation judge's ruling in favor of Jason Halker. From that date, thirty days are provided for a party to file for supervisory writs with the Louisiana Supreme Court. La.Code Civ.P. art. 2166. From December 10, 2003, the parties had thirty days to file for writs which expired on January 10, 2004. Upon conclusion of this time period, La.R.S. 23:1201(G) provides thirty days for payment of the judgment, and also provides penalties and attorney fees for failure to pay timely. Therefore, appellant had until February 10, 2004 to pay the judgment.

On January 30, 2004, appellant paid some of the indemnity that was owed. Upon receipt of the payment, appellee requested a list of what that payment

3

specifically encompassed and it was provided on February 12, 2004. On April 27, 2004, appellee sent a letter requesting the remaining indemnity benefits that were not yet paid. The final amount was not received until May 17, 2004.

Appellant proposes several arguments against imposing penalties and attorney fees. First, appellant argues that the principle of equitable estoppel should apply. "Equitable estoppel arises when one by his actions, or by his silence when he ought to speak, induces another to believe certain facts and the other relies on these facts to his prejudice." *LeDoux v. Old Republic Life Insurance Co.,* 233 So.2d 731, 735 (La.App. 3rd Cir.), *writ denied,* 236 So.2d 501 (La.1970). Appellant argues that partial payment was rendered timely on January 30, 2004, and that appellee's silence prevented the complete and timely performance. Appellant contends that appellee should have notified the appellant prior to the expiration of the time period that the judgment was not paid in full. Therefore, appellant suggests that appellee's silence should result in him being estopped from receiving penalties and attorney fees.

Appellant's equitable estoppel argument has no merit in this situation as he can not force the claimant to bear the burden of his error. The judgment provided the information necessary for the appellant to determine the proper amount owed, and it is not the appellee's job to ensure that the appellant complies with the judgment or even that he complies timely. Appellant cannot now excuse his behavior by blaming the appellee who is merely following the provisions of the statute.

Next, appellant argues that appellee acted in bad faith by not notifying appellant sooner that the judgment was not paid in full. Thus, appellee's bad faith contributed to the late payment and that bad faith should prohibit the appellee from

4

receiving penalties and attorney fees. Louisiana Civil Code Article 2003 entitled "Obligee in bad faith" provides:

> An obligee may not recover damages when his own bad faith has caused the obligor's failure to perform or when, at the time of the contract, he has concealed from the obligor facts that he knew or should have known would cause a failure.

> If the obligee's negligence contributes to the obligor's failure to perform, the damages are reduced in proportion to that negligence.

This argument, however, disregards the relevant time period at issue here. Appellee did not receive payment until January 30, 2004, the breakdown until February 12, 2004 and still required time to review the information with the client. At the time the breakdown was received on February 12, 2004, appellant had already exceeded the time allowed by the statute. Thus, appellant's bad faith argument has no merit.

Third, appellant argues that a mathematical error should not subject him to the imposition of penalties and attorney fees. He contends that the Louisiana Supreme Court's purpose of imposing penalties and attorney fees is not supported by punishing an employer for a mere math miscalculation.

> Awards of penalties and attorney's fees in workers' compensation cases are essentially penal in nature, being imposed to discourage indifference and undesirable conduct by employers and insurers. Although the Workers' Compensation act is to be liberally construed in regard to benefits, penal statutes are to be strictly construed.

*Williams v. Rush Masonry, Inc.*, 98-2271 (La. 6/29/99) 737 So.2d 41, 46. (Citations omitted.) Although "penal statutes are to be strictly construed," "[t]he WCJ has great discretion in awarding or denying penalties and attorney fees. The WCJ's decision concerning whether or not to assess statutory penalties and attorney fees will not be disturbed absent an abuse of discretion." *Player v. Int'l Paper Co.,* 39,254, p.5

5

(La.App. 2 Cir. 1/28/05), ____ So.2d _____; 2005 WL 180456 (Citations omitted.) Upon a thorough analysis, we have not discovered any abuse of discretion.

In addition, the appellant cites several cases for the proposition that mathematical errors should not result in penalties and attorney fees. However, those errors were partly based on the claimants who provided incorrect, incomplete or untimely information.

Appellee suggests that the mathematical error is a result of appellant's carelessness and that courts have imposed penalties for careless mistakes. In *Davis v. City of New Orleans,* 97-1626 (La.App. 4 Cir. 1/28/98), 706 So.2d 669, the employer refused to pay and the claimant filed suit to enforce the judgment. Under La.R.S. 23:1201(G), the court looked to see if the absence of payment by the employer was a result of conditions over which it had no control. The employer argued that failure to pay the medical bill was a mere oversight. The court stated, "[t]he nonpayment was strictly a matter over which the City had control. It simply failed to discharge the responsibility imposed upon it by the judgment." *Id.* at 671. In *Soileau v. R&H Refractory Services, Inc.,* 01-0355 (La.App. 3 Cir. 10/3/01), 796 So.2d 903, *writ denied,* 01-2954 (La. 1/25/02) 807 So.2d 841, the employer did not timely pay the first installment of indemnity benefits but, upon realization of this fact, the employer immediately sent the payment. The court stated, "it is . . . clear that R&H failed to make the payment as a result of its own carelessness." *Id.* at 906. Thus, the court imposed penalties.

In the present case, the judgment provided all the necessary information for the appellant to determine the correct amounts owed. Therefore, based on an analysis of

the facts and the jurisprudence, we believe that penalties and attorney fees are indeed warranted in this situation as the payment was completely under the appellant's control.

**ASSIGNMENT OF ERROR NUMBER TWO**

Appellee requests additional attorney fees for the work incurred on this appeal. According to *Colonial Nursing Home v. Bradford,* 02-588, p. 12 (La.App. 3 Cir. 12/30/02), 834 So.2d 1262, 1272, *writ denied,* 03-0364 (La. 4/21/03) 841 So.2d 802, the court stated, "[a]n award for attorney fees for work done on appeal is warranted when the appeal has necessitated additional work on the attorney's part." As this appeal required additional work, we therefore find that attorney fees are appropriate, and grant the appellee an additional $1,500.00.

**CONCLUSION**

We affirm the Workers Compensation judge's decision to impose penalties and attorney fees pursuant to La.R.S. 23:1201(G). In addition, we grant the appellee $1500.00 in attorney fees for work performed on this appeal. Appellant is responsible for the costs of this appeal.

**AFFIRMED.**