STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 05-933


DONALD J. SULLIVAN

VERSUS

PETROLEUM HELICOPTERS, INC.


**********


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 04-02652
SHARON MORROW, WORKERS' COMPENSATION JUDGE


**********


JOHN D. SAUNDERS
JUDGE


**********


Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and
Oswald A. Decuir, Judges.

AFFIRMED AS AMENDED.

Louis Meraux Corne
1014 West University Avenue
Lafayette, LA 70506
(337) 264-1160
Counsel for Plaintiff/Appellee:
Donald J. Sullivan



Troy Allen Broussard
Allen & Gooch
P. O. Drawer 3768
Lafayette, LA 70502-3768
(337) 291-1000
Counsel for Defendant/Appellant:
Petroleum Helicopters, Inc.

**SAUNDERS, Judge.**

This workers' compensation case arises out of an alleged accident that occurred on March 4, 2002. Plaintiff claimed he was injured while working for Petroleum Helicopters, Inc. (hereinafter referred to as "PHI"). Defendant, while investigating the claim, learned that plaintiff was involved in automobile accident approximately five weeks before the work related injury. An investigation was conducted into whether plaintiff attributed injuries sustained in the automobile accident to the alleged work injury. PHI then paid workers' compensation benefits to plaintiff until February 4, 2004 when it then alleged a La.R.S. 23:1208 violation by wilfully making false statements for the purpose of obtaining benefits and challenged the existence of the work related injury. A hearing was held and the workers' compensation judge ruled in favor of plaintiff. Defendant appeals this ruling. We affirm and award penalties and attorney's fees.

**FACTS AND PROCEDURAL HISTORY**

Donald Sullivan, an A & P mechanic for PHI, was injured at work on March 4, 2002. Mr. Sullivan claims that he felt pain in his back while bending over to move a helicopter tail boom. In connection with his compensation claim, Mr. Sullivan was interviewed by the workers' compensation carrier during which he reported a lower back surgery performed during the 1980's and an upper back injury previously suffered while employed by PHI. When asked if he had any other prior back injuries, Mr. Sullivan reported no real injuries. He then stated that he went to the hospital for a whiplash injury sustained in an automobile accident five weeks before suffering the injury at issue here. Following the hospital treatment, plaintiff sought treatment from Dr. John Cobb, an orthopedic surgeon, for injuries sustained in the accident.

Mr. Sullivan was questioned by the workers' compensation carrier as to whether he experienced any lower back problems in conjunction with the automobile accident. He denied suffering a lower back injury in the accident. Defendant evaluated Dr. Cobb's records pertaining to Mr. Sullivan and requested that Dr. Gidman, an orthopedist, report his findings regarding the cause of Mr. Sullivan's injuries. Approximately two years later, defendant terminated Mr. Sullivan's benefits and asserted a La.R.S. 23:1208 violation. The workers' compensation judge ruled in plaintiff's favor and defendant appeals.

## ASSIGNMENTS OF ERROR

1)   The workers' compensation judge was clearly wrong in finding that the claimant did not violate 23:1208.

2)   The workers compensation judge was clearly wrong in finding that the claimant met his burden of proof as to a work accident.

## LAW AND ANALYSIS

A trial judge's findings of fact will not be disturbed unless they are manifestly erroneous or clearly wrong. *Stobart v. State, through Dep't of Transp. & Dev.,* 617 So.2d 880 (La.1993). "Absent 'manifest error' or unless it is 'clearly wrong,' the jury or trial court's findings of fact may not be disturbed on appeal." *Sistler v. Liberty Mut. Ins. Co.,* 558 So.2d 1106, 1111 (La.1990). "If the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* at 1112.

## ASSIGNMENT OF ERROR NUMBER ONE

Defendant claims plaintiff fabricated his work-related injury because it was taking too long to receive insurance money from the automobile accident. In support

of this contention, defendant argues that plaintiff did not disclose the automobile accident until asked if he was treated at a hospital and lied about suffering a lower back injury in the car accident as evidenced by Dr. Cobb's records. Specifically, defendant points out that Dr. Cobb ordered physical therapy for the cervical and lumbar spine and took x-rays of the lumbar region based upon his partial diagnosis of post-traumatic lumbar pain syndrome superimposed on prior fusion and sprain/strain of the lumbar spine following the automobile accident. Defendant further claims that plaintiff specifically complained of pain in his lower back following the accident and before the work related injury. The WCJ ruled that plaintiff did not violate La.R.S. 23:1208, finding that Mr. Sullivan described separate and distinct sensations of pain attributable to the different injuries. We find no manifest error in this ruling.

We begin our analysis by examining plaintiff's complaints immediately following the automobile accident. Mr. Sullivan initially sought treatment from the Emergency Room at Our Lady of Lourdes. Those records indicate that he complained of head, neck and shoulder pain. Mr. Sullivan also informed an Allstate representative that he felt head, neck, upper back, and left hip pain after the accident. Plaintiff then sought treatment from Dr. Cobb on February 4, 2002. Dr. Cobb's records from that date indicate that plaintiff's symptoms at the time of the visit were: headaches in the back of the head and base of the skull; aching, burning, sharp pain and soreness in his neck; aching in his left hip; and soreness. Plaintiff's current symptoms checklist, which was filled out by one of Dr. Cobb's nurses, indicates that Mr. Sullivan was experiencing stiffness, aching, and soreness in his back. Dr. Cobb testified, however, that plaintiff did not elaborate regarding whether these symptoms

3

were found in his upper or lower back. Regarding his diagnosis and treatment of plaintiff's lumbar region, Dr. Cobb testified that, while he did not specifically remember plaintiff, he would not have ordered x-rays of the lumbar region and diagnosed lumbar sprain/strain unless the patient complained of lower back pain. On cross examination, however, he testified that the x-rays he ordered were natural given Mr. Sullivan's prior back surgery and the findings from his examination of plaintiff's aching hip which revealed tenderness in the SI joint. This evidence illustrates that Mr. Sullivan's chief complaint following the automobile accident was head and neck pain. They also reflect, however, that plaintiff experienced aching in his hip following the accident.

With this backdrop, we examine plaintiff's records following the alleged work related injury. As previously noted, plaintiff claims that he was injured on March 4, 2002 while working for PHI. On March 11, 2004, plaintiff visited Dr. Cobb and Dr. Gidman for treatment of the work related injury. He first saw Dr. Cobb and stated that, while trying to move the helicopter boom, he experienced a sharp pain in his back that ran down into his legs. He then visited Dr. Gidman where he stated that he felt a lightening sensation in his lower back that ran down the back of his legs occasionally reaching his feet. Plaintiff also informed Dr. Gidman of the January 25, 2002 automobile accident. When asked to describe the type of pain associated with the car accident, plaintiff stated that he had upper back and left hip/pelvic pain but not leg or lower back pain.

After reviewing the evidence, the WCJ concluded that Mr. Sullivan did not violate La.R.S. 23:1208. Specifically, it was determined that plaintiff experienced different kinds of back pain following the respective events, namely soreness and

4

aching following the automobile accident and sharp radiating pains following the work injury. We find no manifest error in this ruling. Plaintiff's medical records support this distinction. Dr. Cobb's records reflect upper back pain and aching in the pelvic area following the car accident. Sharp radiating pains in the lower back and legs are not mentioned in conjunction with that event. Those symptoms did not arise until after the work injury. Furthermore, Mr. Sullivan made this same distinction to Dr. Gidman after revealing that he was previously involved in an automobile accident. The WCJ believed that plaintiff was trying to make the same distinction to the workers' compensation representative when stating that he had not suffered any other "real" injuries to his back prior to the work injury. Given this evidence, we cannot say that the WCJ's conclusion is not reasonable in light of the record before us. This assignment lacks merit.

**ASSIGNMENT OF ERROR NUMBER TWO**

Defendant's argument in this assignment is based upon a finding that Mr. Sullivan did violate La.R.S. 23:1208. Given our resolution of defendant's first assignment of error, this argument is unpersuasive. Defendant claims that plaintiff is not credible because he lied about the occurrence of a lower back injury in the car accident. According to PHI, the discrediting of Mr. Sullivan in this regard also serves to discredit the occurrence of the work accident. We disagree. We have already determined that the WCJ was not manifestly erroneous in concluding that Mr. Sullivan was distinguishing between what he believed to be two separate injuries. This finding precludes a finding that Mr. Sullivan is not credible. The purported lack of credibility, however, is the basis for defendant's claim that a work related accident was not established. Accordingly, this assignment lacks merit.

5

Finally, we turn to the issue of penalties and attorney fees. Plaintiff requests penalties for the arbitrary and capricious termination of benefits and attorney fees for work performed here and below. The WCJ failed to award penalties and attorney fees finding that, on the surface, this matter looked suspicious. The "suspicious" aspect of the case, as found by the WCJ, arose from a series of involved circumstances which were logically resolved in the claimant's favor. It is particularly noteworthy that the circumstances did not prevent defendant from paying benefits until February 4, 2004, approximately two years after it gained knowledge of the automobile accident. Because of the time that elapsed between the accident and termination, we find that termination approximately 2 years after investigation of the claim without any additional investigation, information, or justification to be arbitrary and capricious. Accordingly, we award $2,500.00 in penalties and $2,500.00 in attorney fees for work performed here and in the trial court.

**CONCLUSION**

The judgment of the WCJ is affirmed as amended. Costs of this appeal are assessed against defendant. Plaintiff is awarded $2,500.00 in penalties and $2,500.00 in attorney fees.

**AFFIRMED AS AMENDED.**