# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-935

**DEWITT WILLIAMS**

**VERSUS**

**A-JAX LUMBER COMPANY**

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 2
PARISH OF RAPIDES, NO. 00-05590 & 03-03326
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

## OSWALD A. DECUIR
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and John D. Saunders, Oswald A. Decuir, James T. Genovese and Michael G. Sullivan, Judges.

**THIBODEAUX, Chief Judge, dissents in part and assigns reasons.**

**SAUNDERS, J., dissents in part for the reasons assigned by Chief Judge Thibodeaux.**

**DECUIR, J., dissents in part and assigns reasons.**

**SULLIVAN, J., dissents in part for the reasons assigned by Judge Decuir.**

**AFFIRMED IN PART AND REVERSED IN PART.**

**M. Blake Monrose**
**Hurlburt, Privat & Monrose**
**P. O. Drawer 4407**
**Lafayette, LA 70502-4407**
**(337) 237-0261**
**Counsel for Defendant/Appellant:**
   **A-Jax Lumber Company**

**George A. Flournoy**
**Flournoy & Doggett**
**P. O. Box 1270**
**Alexandria, LA 71309-1270**
**(318) 487-9858**
**Counsel for Plaintiff/Appellee:**
   **Dewitt Williams**

**DECUIR, Judge.**

In this workers' compensation suit resulting from a knee injury, both the employee and the insurer appeal the judgment of the workers' compensation judge. The insurer, Capital City Insurance Company, appeals the award of supplemental earnings benefits in favor of the employee, Dewitt Williams, as well as the award of penalties, attorney fees, and vocational rehabilitation services, and the denial of its claim for forfeiture of benefits. Williams appeals the denial of his claim for compensation for a late-developing back injury, questions the award of a credit for future medical expenses which may arise from the knee injury, and requests an increase in the award of penalties and attorney fees. He also disputes the assessment of court costs and certain evidentiary rulings made by the workers' compensation judge.

## FACTS

Williams was employed as a millwright for A-Jax Lumber on September 20, 1999, when he fell in the lumber yard and injured his knee. He was diagnosed with a tear in the medial meniscus which was repaired via arthroscopic surgery in February of 2000. Although the surgery was without complication, Williams complained of a difficult recovery, ongoing pain and popping in his knee and, eventually, commencing in February of 2001, back pain. He continued to use a cane or crutches for many months after surgery.

The workers' compensation judge found Williams' doctors noted no objective symptoms and could not explain his ongoing complaints. Both doctors recommended a functional capacity evaluation. Williams was not released by the doctors to return to his full job duties, was not given a light duty assignment by his now defunct employer, and was never offered vocational rehabilitation services by the insurer. Based on these facts and the court's review of the medical records in evidence, the

workers' compensation judge found Williams met his burden of proof regarding his knee injury and awarded supplementary earnings benefits as well as vocational rehabilitation services. Also awarded was a $2,000.00 penalty for the failure to provide rehabilitation services timely. The court denied benefits for Williams' back condition, noting there was no medical evidence to support a correlation between the back complaints and the knee injury. Additionally, the court described Williams as lacking in credibility, but found he did not willfully misrepresent his complaints for the purpose of receiving benefits in violation of La.R.S. 23:1208. Therefore, the insurer's claim for fraud and forfeiture of benefits was denied.

## DISCUSSION

In *Coleman v. Ascension Enterprise, Inc.*, 03-1425 (La.App. 3 Cir. 4/14/04), 870 So.2d 1159, 1162, this court discussed the standard of review in a workers' compensation case:

> A workers' compensation judge's decision that a claimant has met his burden of proof is a factual determination. As such, this determination will not be overturned on review absent manifest error. An appellate court will set aside a factual finding by a hearing officer only if the record shows there was no reasonable basis for the finding and that the finding was clearly wrong. *Alexander v. Pellerin Marble & Granite*, 93-1698 (La. 1/14/94), 630 So.2d 706; *Stobart v. State Through DOTD*, 617 So.2d 880 (La.1993). In order to reverse factual findings of a workers' compensation judge, an appellate court must determine that a reasonable factual basis does not exist in the record to support the finding and that the record establishes the finding is clearly wrong or manifestly erroneous. *Clay v. City of Jeanerette*, 99-1421 (La.App. 3 Cir. 5/31/00), 768 So.2d 609, *writ denied*, 00-2006 (La. 10/27/00), 772 So.2d 124.

We have reviewed the testimony and medical evidence in the record and have examined the factual findings of the workers' compensation judge. The conclusion that Williams is entitled to supplemental earnings benefits is supported by the medical history, longstanding complaints of pain, and the absence of a medical release to return to full duty at work. The finding that Williams is in need of rehabilitation

2

services is likewise well supported. The court was satisfied that Williams offered sufficient proof of his disability which prevented him from returning to his former job; however, the court was not convinced by the medical evidence that Williams' back pain was related to his knee injury and denied both indemnity and medical benefits for that condition. The court further found no evidence of fraud on the part of the claimant. We find no manifest error in these conclusions.

Also subject to the manifest error standard of review is the award of attorney fees. The workers' compensation judge awarded $4,000.00 for the work performed by the claimant's attorneys. This amount is reasonable and is supported by the record. However, we find no basis in the record to award penalties to Williams for the failure to reimburse certain travel and medication expenses, and we find no manifest error in the evidentiary rulings complained of by Williams.

We turn now to Williams' assignment of error regarding the credit given to the insurer for future medical expenses. The workers' compensation judge determined that the medical expenses paid for the diagnosis and treatment of Williams' back problem were not owed. Therefore, the insurer was awarded a credit for all expenses paid after March 16, 2001, "against any and all future medical expenses reasonably and medically necessary for plaintiff's knee injury." In oral reasons for judgment, the court commented, "I think it's really doubtful that Mr. Williams will ever require any further care for his knee." Interestingly, in this appeal, Williams disputes the propriety of the credit, while the insurer does not complain that the credit, in effect, will never be realized.

Regardless of the effect of the credit, we find error in the award. While La.R.S. 23:1206 allows reimbursement of overpaid compensation benefits, we cannot say that the medical expenses paid by the insurer for the diagnosis and treatment of Williams'

3

back condition were necessarily overpaid benefits. The benefits were not paid by mistake or as the result of fraud or oversight; rather, the diagnosis and cause of the condition were still in question. Second, payments were made directly to the medical providers and were not subject to the direction of the claimant, although he certainly received the benefit of the payments. Finally, we find no legal precedent supporting an award of a credit for improperly paid medical expenses, and we hesitate to establish a right of reimbursement which may ultimately serve to penalize workers who need an intensive variety of medical tests to diagnose a difficult or obscure condition. The award of a credit for overpaid medical expenses, therefore, is reversed.

Regarding the legal question of whether Williams was properly awarded a $2,000.00 penalty for the insurer's failure to timely provide rehabilitation services, we note that the law governing penalty awards is that which was in effect at the time the alleged statutory violation occurred. *See Maynard v. Grey Wolf Drilling*, 04-431 (La.App. 3 Cir. 10/20/04), 885 So.2d 1277. In this case, Williams filed a claim for services in May of 2003. The applicable law at the time precluded an assessment of penalties for the failure to provide rehabilitation. *Chelette v. Riverwood Int'l USA, Inc.*, 03-1483 (La. 10/17/03), 858 So.2d 412. Accordingly, the $2,000.00 penalty awarded to Williams must be reversed.

The next issue is the assessment of court costs at the trial court level. Costs were assessed to Williams, less a $30.00 charge cast to the insurer. While the assessment of court costs is generally an exercise of the lower court's discretion, in this instance, a majority of the court finds manifest error in the ruling below. The court finds that because Williams prevailed on the primary issues of supplemental earnings benefits and vocational rehabilitation services, costs should have been

4

assessed against the insurer, regardless of the several questions litigated at trial which Williams lost. Accordingly, we reverse the assessment of costs and assign all costs incurred at the trial level and in this appeal to the insurer.

Finally, a majority of this court finds merit to the employee's request for attorney fees for work done pursuant to this appeal. Taking into consideration the particular circumstances of this case, the lower court's $4,000.00 award of attorney fees, and recent awards by this court, we find the highest reasonable award for work done pursuant to this appeal is $2,500.00. *See Sullivan v. PHI,* 05-933 (La.App. 3 Cir. 2/1/06), 2006 WL 234719; *Lebert v. McNeese State Univ.,* 05-856 (La.App. 3 Cir. 2/1/06), 2006 WL 233440; *Halker v. Am. Sheet Metal,* 04-1407 (La.App. 3 Cir. 3/16/05), 898 So.2d 629 In accordance with that finding, the majority awards $2,500.00 to Williams. The author of this opinion, however, disagrees and dissents from the foregoing award.

## DECREE

For the above and foregoing reasons, the $2,000.00 penalty awarded to Dewitt Williams and the credit for future medical expenses awarded in favor of the insurer are hereby reversed, as is the assessment of costs at the trial level. In all other respects, the judgment of the workers' compensation judge is affirmed. Attorney fees in the amount of $2,500.00 are awarded to Dewitt Williams for work performed in this appeal, and costs of this appeal are assessed to Capital City Insurance Company.

**AFFIRMED IN PART AND REVERSED IN PART.**

5

DEWITT WILLIAMS

VERSUS

A-JAX LUMBER COMPANY

THIBODEAUX, Chief Judge, dissenting in part.

I dissent from the denial of the plaintiff's claim for compensation for the back injury. The record as a whole supports the plaintiff's claim that the knee injury aggravated or activated his low back injury. In my view, the record is clear that the plaintiff did not have a disabling back pain before the knee injury. According to Dr Katz, the treating orthopedist, and Dr. Drerup, the neurosurgeon, the back injury could reasonably result from an altered gait. There is nothing in the record which reasonably refutes these expert medical opinions.

Further, I dissent from the refusal to award penalties for the failure to commence prompt vocational rehabilitation. The majority cites *Chelette v. Riverwood Int'l USA, Inc.*, 03-1483 (La. 10/17/03), 858 So.2d 412 for the proposition that the applicable law at the time precluded an assessment of penalties for the failure to provide rehabilitation. *Chelette* does not stand for that principle. *Chelette* granted certiorari on one issue only. That issue was whether the third circuit erred in granting a penalty award under La.R.S. 23:1201(F) when the employer had reduced SEB as contrasted with failing to make timely payment of benefits. That was the *sole* issue addressed by *Chelette*. Vocational rehabilitation is a benefit. *Chelette* opined that the

failure to *commence* payment of benefits authorizes the payment of penalties and attorney fees under Section 1201(F). The majority apparently is relying on the dictum in *Chelette* which said that "the sanction of penalties and attorney fees imposed by LSA-R.S. 23:1201 is not directed at the vocational rehabilitation obligation of LSA-R.S. 23:1226." However, *Chelette* had nothing to do with this issue. The writ granted in *Chelette* dealt with whether a penalty was owed for the reduction of SEB versus the failure to make timely payment of benefits. *Chelette* cited the *dissent* in *Fontenot v. Reddell Vidrine Water District*, 02-439 (La. 1/14/03), 836 So.2d 14 in support of its failure to award penalties. That was simply and plainly wrong.

Finally, I would award a penalty for the failure to award mileage reimbursement for 730 miles. The defendants paid $.28 cents per mile when $.30 cents per mile was owed. Moreover, a $2,000.00 penalty each for the failure to reimburse two of three medication prescriptions from Dr. Katz for $574.38 should have been ordered. Even if the back injury had been resolved or was unrelated to this accident, the same medications would have been prescribed by Dr. Katz for the plaintiff's knee injury.

For the foregoing reasons, I respectfully dissent in part.

DEWITT WILLIAMS

VERSUS

A-JAX LUMBER COMPANY

**DECUIR, J., dissenting.**

While I authored the majority opinion, I write separately to express my disagreement with a majority of this five-judge panel on two issues. First, I find no error in the workers' compensation court's assessment of court costs at the trial level, and I dissent from the majority's reversal of that assessment. This case involved primarily the employee's back injury. The question of whether his back condition was caused by his work-related injury, and was thus compensable, was resolved against him. Therefore, I do not view the assessment against him as an abuse of discretion. "A trial court is afforded great discretion in its assessment of court costs, and can be reversed by an appellate court only on a showing of abuse of that discretion. *Westley v. Allstate Ins. Co.*, 05-100, p. 15 (La.App. 5th Cir. 5/31/05), 905 So.2d 1127, 1137." *Lee v. Constar, Inc.*, 05-633 (La.App. 5 Cir. 2/14/06), 2006 WL 328585, p. 11. The record shows no abuse of the workers' compensation judge's great discretion, and I disagree with the majority's ruling on this issue.

Second, I dissent from the majority's decision to award attorney fees for work performed in this appeal. Both the employee and the insurer filed appeals in this matter. Williams assigned seven alleged errors for our review, while the insurer assigned five alleged errors. Williams vehemently argued for a finding of causation regarding his back condition, a position which a majority of this court has found to

be without merit. On other issues, Williams won some and lost some. This court has previously denied attorney fees for work performed on appeal when the requesting party fails to obtain relief on his own issues raised on appeal:

> Considering Ms. Shell's request for an increase of attorney fees for work done on appeal, we acknowledge that Ms. Shell successfully defended her right to compensation in the amount awarded by the trial judge. However, because she filed her own appeal on other issues, and was ultimately unsuccessful in that regard, Ms. Shell is not entitled to an increased award of attorney fees for work performed on appeal.

*Shell v. Wal-Mart Stores, Inc.,* 00-0997, p.10 (La.App. 3 Cir. 3/21/01), 782 So.2d 1155, 1161. Accordingly, I dissent from the award made by the majority in this case.

Furthermore, I find the amount awarded to be an abuse of this court's discretion and respectfully dissent.