STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 07-1


DEWITT WILLIAMS

VERSUS

A-JAX LUMBER COMPANY


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 06-02405
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and J. David Painter, Judges.

REVERSED.



Maurice Blake Monrose
Hurlburt, Privat & Monrose
P. O. Drawer 4407
Lafayette, LA 70502-4407
(337) 237-0261
Counsel for Defendant/Appellee:
A-Jax Lumber Company

**George Arthur Flournoy**
**Flournoy, Doggett & Losavio**
**P. O. Box 1270**
**Alexandria, LA 71309-1270**
**(318) 487-9858**
**Counsel for Plaintiff/Appellant:**
**Dewitt Williams**

**EZELL, Judge.**

In this workers' compensation case, Dewitt Williams appeals a judgment which found that his request for payment of a functional capacity evaluation (FCE) was barred under the doctrine of res judicata. For the following reasons, we reverse.

## FACTS

The facts of this case are sufficiently detailed in our previous opinion. *Williams v. A-Jax Lumber Co.*, 05-935 (La.App. 3 Cir. 5/10/06), 930 So.2d 300, *writs denied*, 06-1486, 06-1498 (La. 9/29/06), 937 So.2d 865, 866. Therefore, we will not repeat them here.

Before an opinion was rendered by this court, Mr. Williams filed another disputed claim form on April 18, 2006. The purpose of this claim was to procure the reimbursement of the cost of an FCE which had been requested by two doctors. A-Jax Lumber Company, and Southeastern Claims Services excepted to the claim on the basis of lack of subject matter jurisdiction, prematurity, lack of procedural capacity to be sued, and res judicata.

A hearing was held on the matter on October 2, 2006. The trial court granted the exception of res judicata, dismissing Mr. Williams' claim. He appeals that decision.

## RES JUDICATA

Defendants argue that the claim for the cost of the FCE is res judicata because Mr. Williams unsuccessfully tried to admit the FCE into evidence at the first trial. It claims that a cause of action for the cost of the FCE existed at the time of trial and when the judgment became final.

Mr. Williams argues that it was the admissibility of the FCE that was previously litigated. The issue of reimbursement of the FCE was not a concern at the

1

first trial.

In *Metoyer v. Roy O. Martin, Inc.* 03-1540, p.2 (La.App. 3 Cir. 12/1/04), 895 So.2d 552, 564, *on rehearing*, *writ denied*, 05-1027 (La. 6/3/05), 903 So.2d 467 (*quoting Prudhomme v. Iberville Insulations*, 93-778, p. 4 (La.App. 3 Cir. 3/2/94), 633 So.2d 380, 382), this court discussed the concept of res judicata and its applicability in the workers' compensation setting, observing that "the doctrine of res judicata must be applied to workers' compensation 'in light of the rule that the Act must be construed liberally in favor of the employee.'"

In *Metoyer*, the question of whether claims for incorrect and untimely payments in January, June, and July 1999 were barred by res judicata was at issue. Ms. Metoyer asserted that the judgment of dismissal rendered in August 1999 addressed only the first untimely payment of benefits for the period from December 27, 1998 through January 3, 1999, and that other incorrect or untimely payments were not concluded by that judgment. This court held that the only matter concluded by the August judgment was the first untimely payment of benefits and that the subsequent incorrect or untimely payment of benefits was not barred by res judicata.

At the hearing on this matter, the attorney for Mr. Williams stated that the bill for the FCE was not submitted to the Defendants until after trial. He explained that he had tried to introduce the FCE into evidence at trial, which was denied because Defendants had not previously received a copy of the report. Mr. Williams argues that the subject of *payment* of the FCE bill was not an issue at the first trial, only its *admissibility*.

We agree with Mr. Williams that the matter of the payment of a medical expense, i.e. the FCE, would not be precluded by res judicata simply because an attempt was made to submit it into evidence. However, this court does not have a

2

copy of the record of the first trial. Without a copy of the record, we cannot determine whether the issue of payment of the FCE was raised.

"When a party raises an objection of *res judicata*, the court must examine not only the pleadings but also the entire record in the first suit, to determine whether the second suit is, in fact, barred by *res judicata*." *Union Planters Bank v. Commercial Capital Holding Corp.*, 04-871, p. 3 (La.App. 1 Cir. 3/24/05), 907 So.2d 129, 130. It was the Defendants' duty to introduce the record from the first suit as the parties raising the exception of res judicata. *Id.* Without this evidence, Defendants failed in their burden of proof.

For these reasons, the trial court judgment sustaining the peremptory exception of res judicata is reversed. Costs of this appeal are assessed to A-Jax Lumber Company, and Southeastern Claims Services.

**REVERSED.**